UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 5, 2019

Charles R. Cohen, Esq.
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
*Counsel for Defendants*

Michael DiChiara, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Doherty v. ASAP Messenger Service LLC, et al.
Civil Action No. 19-8127 (SDW) (SCM)**

Counsel:

Before this Court is Defendants ASAP Messanger [sic] Service LLC, d/b/a ASAP Messenger Service LLC ("ASAP") and Julie Boromei's ("Boromei") (collectively, "Defendants") Motion to Dismiss Counts Four and Five of Plaintiff Shawn Doherty's ("Plaintiff" or "Doherty") Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendants' motion.

**DISCUSSION**

**A.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d

Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

**B.**

At all relevant times, Plaintiff was employed as a courier by ASAP. (D.E. 1 ¶¶ 17, 19.) Boromei was his direct supervisor. (*Id.* ¶¶ 10-11.) Plaintiff alleges that Defendants failed to pay him overtime, took improper deductions from his pay, refused to reimburse him for expenses incurred from his employment, and retaliated against him when he complained about those violations. (D.E. 1.) On March 7, 2019, Plaintiff filed a five-count Complaint in this Court alleging that Defendants' actions violated his federal and state rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New Jersey Wage Payment Law, N.J.S.A. 43:11-4.1, *et seq.* ("NJWPL"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* ("NJWHL").[1] (*Id.*) On May 7, 2019, Defendants moved to dismiss Counts Four and Five of the Amended Complaint, which allege that Defendants improperly retaliated against Plaintiff under the FLSA (Count Four) and the NJWHL (Count Five) by threatening to countersue for fraud should Plaintiff bring a lawsuit against them and then terminating Plaintiff's employment. (D.E. 4, 5.) Defendants have not, as of this date, filed a counterclaim for fraud against Plaintiff.

As to Count Four, the FLSA requires that an employer take an adverse action against a plaintiff in order to show retaliation. Where, as here, a defendant does nothing more than threaten to file a counterclaim, a claim for retaliation under the FLSA cannot stand. *See, e.g.*, *Hutchinson v. Honeymoon Corp.*, Civ. No. 16-18, 2017 WL 6502529, at *7 (N.D. Ohio Dec. 19, 2017) (noting that where a party threatened, but did not file, counterclaims, no retaliatory action was taken against the plaintiff); *Tzoc v. M.A.X. Trailer Sales & Rental, Inc.*, Civ. No. 13-23859, 2015 WL 2374594, at *14 (S.D. Fla. May 18, 2015) (declining to find retaliation where the defendant threatened to file a single counterclaim, but did not do so).[2]

Second, as to Plaintiff's NJWHL retaliation claim (Count Five), this Court finds that dismissal of this claim is appropriate as duplicative of and preempted by the FLSA because Plaintiff's "remedies under the NJWHL would not be greater than those available in the case of a successful FLSA claim." *Kronick v. bebe Stores, Inc.*, Civ. No. 07-4514, 2008 WL 4509610, at *8 (D.N.J. Sept. 29, 2008).

---

[1] Plaintiff filed an Amended Complaint on March 15, 2019. (D.E. 4.)
[2] *See also Beltran v. Brentwood N. Healthcare Cntr., LLC*, 426 F. Supp. 2d 827, 834 (N.D. Ill. 2006) (finding that even the filing of a counterclaim alone does not constitute retaliation because "it will not chill plaintiffs from exercising and enforcing their statutory rights because by the time the employer files its counterclaim, plaintiffs have already made their charges and initiated their lawsuit").

Therefore, Defendants' motion to dismiss Count Four of the Amended Complaint will be granted to the extent it asserts retaliation as to any threatened, but unfiled, counterclaim and Count Five will be dismissed in its entirety as duplicative of Count Four.

**CONCLUSION**

Defendants' Motion to Dismiss is **GRANTED**.  An appropriate order follows.

   /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Steven C. Mannion, U.S.M.J.